{¶ 27} I concur in this court's conclusion that Barbara Varholick did not bear the burden of proving by clear and convincing evidence that the check from her mother for a down payment on the marital residence was a gift to her alone. The uncontradicted evidence is that the check was issued and negotiated on April 30, 1998, some two and a half months prior to the parties' marriage on July 10, 1998.
 {¶ 28} I do not agree that James Varholick had the burden of proving that this money converted to marital property during the course of the marriage. "Separate property" is defined under the Revised Code as "[a]ny real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage." R.C. 3105.171(A)(6)(a)(ii). The $56,000 check issued by Barbara Varholick's mother was issued to Continental Title and the Canfield house was titled in both James and Barbara Varholick's name. Property acquired jointly by both spouses prior to marriage does not constitute separate property.
 {¶ 29} The party asserting particular property as "separate" property bears the burden of proving its character as separate property by a preponderance of the evidence. Needles v.Needles, 11th Dist. No. 2001-G-2386, 2002-Ohio-7128, at ¶ 9. (citations omitted). In the present case, Barbara Varholick met this burden by introducing evidence of the down payment being a gift to her alone that was more credible than James Varholick's evidence of the down payment being a loan. State v. Conn
(1982), 13 Ohio App.3d 251, 253 ("The term `preponderance of the evidence' means nothing more than that the evidence on one side of the scale outweighs that on the other.") (citation omitted).
 {¶ 30} For the foregoing reasons, I concur in judgment only.